IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEFF CONSTRUCTION ROCKFORD LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED NATIONAL INSURANCE COMPANY, )<br>)<br>Defendant. ) | No. 06 C 6190<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Leff Construction Rockford LLC ("Leff") filed a suit for breach of contract against defendant United National Insurance Company ("United National"). Plaintiff seeks a declaratory judgment that defendant must indemnify plaintiff for damages alleged in another lawsuit. Defendant United National has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, the court grants defendant's motion.

## **FACTS**[1]

On August 19, 2003, Mark IV Enterprises, d/b/a Rockview Stone Company ("Rockview") entered into a contract ("Subcontract Agreement") with plaintiff for a construction project in Rockford, Illinois, to construct a senior center. The Subcontract Agreement identified plaintiff as the Contractor and Rockview as the Subcontractor. The agreement described the work to be performed by Rockview as:

> Grading, water, sanitary sewer, storm sewer, concrete, asphault [sic]. Allsite grading and excavation. Pad construction. All concrete foundation sidewalks,

---

[1] The facts recited herein are those alleged in the complaint (including the attached exhibits) which, for purposes of a Rule 12(b)(6) motion, the court accepts as true. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

curbs, building pad, electrical pad. Water and sanitary lines to within 5 feet of building, storm sewer, manholes. Tree removal necessary for construction, top soil needed. Asphalt parking lot, driveway, and alley for the length of property. Silt fence per plan."

The contract specified that:

SUBCONTRACTOR [Rockview] shall indemnify, defend, and save harmless the CONTRACTOR [plaintiff], owner, architect or engineer, from damages because of bodily injuries, including death at any time resulting therefrom, accidentally sustained by any person or persons on or account of damage to property arising out of or in consequence of the performance of the work...and SUBCONTRACTOR shall procure and maintain noncancellable Contractual Liability Insurance as security for the performance of this indemnity and hold harmless provisions in limits as hereinafter stated. CONTRACTOR shall be named as additional named insured on all policies.

The contract also specified that "Subcontractor shall procure and maintain noncancellable Contractual Liability Insurance as security for the performance of this indemnity," and it stated that plaintiff was to "be named as additional named insured on all policies."

Rockview purchased a Commercial General Liability Policy ("CGL Policy") from defendant. The CGL Policy was effective from July 1, 2003 to July 1, 2004, with Rockview as the named insured, and it provided liability limits of $1,000,000 per occurrence, with a $2,000,000 aggregate limit. The policy specified that:

[O]nly certain, very specific operations have been covered under this policy. Subject to all of the exclusions, terms and conditions of this policy, such insurance as is afforded by the policy applies only to liability arising directly from the ownership, maintenance, or use of the following by you or the specific business operations by you as described as follows: DEMOLITION OF BUILDINGS.

The CGL Policy also contained a "Blanket Additional Insured Endorsement," which stated:

"[t]he definition of INSURED is amended to include any person or organization *** to whom you are obligated by valid written contract to provide such coverage, but only with respect to liability for "bodily injury" or "property damage" arising solely out of "your work" on behalf of said additional insured for which coverage is provided by this policy.

Bernard Ammon was working for a plumber on the Rockview construction site. On November 12, 2003, he was working in a trench that was being excavated "to further the erection and construction" of a senior center when he was injured. On June 12, 2006, Bernard and Kathi Ammon sued plaintiff and Rockview for negligence in the Circuit Court of Cook County, Illinois.

## DISCUSSION

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading "requires 'only a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (citing Bell Atlantic v. Twombley, 127 S.Ct. 1955, 1964 (2007). When ruling on a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Moranski v. General Motors Corp., 433 F.3d 537, 539 (7th Cir. 2005). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic, 127 S.Ct. at 1964-65. In the instant case, although plaintiff argues that it should be held only to the minimal pleading requirements of Fed. R. Civ. P. 8(a), the complaint and exhibits contain sufficient factual material to allow the court to decide the merits of this dipute, because the court has before it the allegations of the Ammons' complaint and the terms of the insurance policy at issue. See, e.g., St. Paul Fire and Marine Ins. Co. v. Brunswick Corp., 405 F. Supp. 2d 890, 892 (N.D. Ill. 2005).

Defendants argue that the court should dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) because defendant had no duty to indemnify plaintiff under the terms of the CGL Policy

3

with Rockview. To establish defendant's duty, plaintiff must show that it was an insured party under a policy issued by defendant that covers the risk at issue. "An insurance policy is a contract between an insurer and its insured, and a breach of contract claim may only be asserted against a party who is in privity of contract." Hann v. Paul Revere Life Ins. Co., 2004 WL 557380, *1 (N.D. Ill. 2004), quoting Kaplan v. Shure Bros., Inc., 266 F.3d 598, 602 (7th Cir. 2001).

Plaintiff alleges that the policy issued to Rockview by defendant covers plaintiff through the Blanket Additional Insured Policy. That policy, however, restricts coverage of additional insured parties to liability "arising directly from...specific business operations," defined in the policy as "demolition of buildings." The complaint filed by the Ammons alleges injuries incurred while performing construction work, not demolition work. Nowhere in the Ammons' complaint does it allege that Bernard was involved in construction; in fact, the complaint states repeatedly that Bernard was present "during the erection and construction" of the senior center and was engaged in "construction duties" when he was injured. If plaintiff is indemnified by defendant through the Blanket Additional Insured Policy, it is covered only for injuries arising from demolition, which does not include the injuries sustained by Ammon.

Further, even if plaintiff was covered as an additional insured party under the policy issued by defendant to Rockview, that coverage does not extend to liability arising from the additional insured's negligence. As Illinois courts have held, an endorsement for an additional insured party does not cover a general contractor for its own negligence if the endorsement (1) specifies that liability must arise out of the operations of the named insured, and (2) specifically

4

limits liability so that it cannot arise out of the negligence of the additional insured. American Country Ins. Co. v. James McHugh Const. Co., 344 Ill. App. 3d 960, 976 (1st Dist. 2003).

In the instant case, the additional insured endorsement specifically states that it applies to "liability for 'bodily injury' or 'property damage' arising solely out of "[Rockview's] work' on behalf of said additional insured for which coverage is provided by this policy. This insurance does not apply to 'bodily injury' or 'property damage' arising out of the assumption of liability in a contract or agreement." The policy therefore does not cover liability stemming from plaintiff's work, rather than Rockview's, and it does not cover bodily injury arising from plaintiff's negligence. For these reasons, the court grants defendant's motion to dismiss the complaint.[2]

## CONCLUSION

For the reasons discussed above, the court grants defendant's motion to dismiss.

ENTER: July 9, 2007

_____
Robert W. Gettleman
United States District Judge

---

[2] For the foregoing reasons, the court rejects plaintiff's arguments that defendant breached its duty to defend and that the policy was ambiguous.